My name is Sergei Shevchenko. I represent Petitioner Juan Daniel Castillo. This is an immigration matter where we are challenging the action by the Board of Immigration Appeals that misapplied tests during the appeal review. Also, we understood there is another issue raised by the court and also a respondent whether the court has a jurisdiction to hear this case in the first place. Initially, the court issued an order to show cause. The petitioner responded. Later on, the same issue was argued on a brief and a supplemental. Do we have a final order of removal in this case? Our position is yes. Notwithstanding the fact that the matter is now pending in the Board of Immigration Appeals? Yes, and I would like to clarify the procedure before the Board of Immigration Appeals. In this particular matter, when the Board of Immigration Appeals entered the decision, they sent it back to the immigration court with a specific order. A technical step to enter a final order of removal. They sent it to the IJ, but then there is an appeal from the deportation order, is there not? Not exactly. The judge entered the final order of removal at the court proceedings. This counsel argued that the case should have been administratively closed awaiting the decision from the Court of Appeals for the Ninth Circuit. The immigration court denied such a motion, so now the case is the Board of Immigration Appeals only for the purposes of challenging the denial of that motion. So it's still in front of the BIA. It's still in front of the Board of Immigration Appeals. Okay, so we have no jurisdiction. Until the BIA issues a final order, which they have not done yet, we have no jurisdiction, do we? I disagree, Your Honor. I believe that in this particular situation, back in 2004, when Mr. Castillo pled to the charges of notice to appear before the immigration judge, the judge back then found that he is removable. So now, according to the cases cited in our brief, when the Board of Immigration Appeals reversed a relief granted by the immigration judge, the petitioner, Mr. Castillo, he is removable. So in this particular situation, the Board of Immigration Appeals specifically limited in their order that there's nothing really needed from the immigration judge but simply enter the order of removal, which was entered. So, and also, the Board of Immigration Appeals never reserved any power, I mean, any right to jurisdiction over this matter. So what's pending before the BIA? Did somebody took an appeal from the IJ's entry of the final order, right? That was a challenge to denial by the immigration judge of a motion for administrative closure. Okay, but there's still something pending before the BIA. Right, but this is... What's the effect of our en banc decision in Abdus Salaam? I don't think that this is controlling in this matter, only to that respect that since the case was filed before the issuance of Abdus Salaam's case, you know, that this court may decide, despite the fact that there might be issue with finality... Well, let's suppose that Abdus Salaam was an older case. So let's take out the time in this question. Would Abdus Salaam dictate that the case is not final? I believe not. Okay, why? Well, in this particular situation, the court reminded the case only for specific purpose, for the immigration judge to enter the final order of removal, which was done. Now, in Abdus Salaam and some other cases cited by respondent, the cases was remanded where still the immigration court would retain some jurisdiction to make certain decision. And, you know, in some of these cases, let's say, for example, Abdus Salaam, the court also, when remanded back to the immigration court, they not only ordered to provide background checks, but also remanded for any other reason, you know, that the immigration judge can make a decision on. In this particular situation, the immigration judge doesn't have any jurisdiction at all. There's only order to enter final order of removal. So if the IJ enters the order of removal, then does your client have the opportunity to appeal that to the BIA? What is in front of this court and what was argued in our brief, opening brief, it's exactly the same issue that was already tried before the immigration court. When the judge entered the decision, final decision, following remand from the Board of Immigration Appeals, the judge does not have any discretion to question or add or consider anything at all. And this is what's challenged by the petitioner. So after the Board of Immigration Appeals entered the order, motion to reconsider the decision, challenging the case law that was used to reach the decision. But once again, the Board of Immigration Appeals denied that motion to reconsider. And after that, the petitioner filed this action with the Court of Appeals. Okay, so I'm just trying to understand. There is something that was something anyway when this was filed that was pending before the IJ. Correct. Okay, and you're saying that was essentially a ministerial act on the part of the IJ to enter the official removal order. Correct? Couldn't add or subtract or anything. It doesn't change the outcome of this case to that respect that the denial by the immigration judge of motion for administrative closure, that would have just, you know, keep the case before the immigration judge until the decision in the Court of Appeals. So it wouldn't affect the decision whether it's going to be favorable or unfavorable. Well, I understand maybe that's what's going on in this case. I'm just trying to understand the posture. Because the whole principle that we're trying to accommodate here is we don't get piecemeal appeals, that it has to be a final order. And my concern is if we say, well, this is premature because there is something, an action pending before the IJ, and then the IJ enters the removal order, I want to make sure that your client then gets the opportunity to appeal the merits of the BIA's decision. And if we say it's not, if it's premature now, I want to make sure we don't wind up, if we apply, I hate these long names, EBSALON, yeah, due for now. If we apply that, then I want to make sure that we're not cutting off your client's opportunity for an ultimate review of the merits of the BIA decision that you're trying to bring before us today. So if you can clarify where you think you might be at risk of that, that would be helpful to me. Otherwise, I'll ask the government. I believe that what's pending right now before Board of Immigration Appeals have no effect on the outcome of this case. It's all, you know, the key, the critical key element here is that the Board of Immigration Appeals, while denying the case, I mean, reversing relief granted by immigration judge, they misapply a test for review. In essence, the immigration judge was fact finder where he reached a certain decision. The Board of Immigration Appeals later on, you know, used their de novo, you know, approach. They ignored the decision by the immigration judge and the fact that, you know, if they should have followed the proper standard, they first have to find that the immigration judge was mistaken. But that never was done. They just basically substituted the decision by immigration judge by their own decision. So that's, you know, what the petition is challenging. Right now, what's before the Board of Immigration Appeals have nothing to do with this. But the problem we have is that we only have jurisdiction over the final decision by the BIA, whatever that decision is. Now, are you relying on the September 15, 2011 decision, which is the decision to deny the motion for reconsideration? Is that what gives this court jurisdiction as you look at it? Correct, Your Honor. I'm sorry? Yes, Your Honor. All right, so you're relying on that. A lot of things have happened since 2011 down to today in front of the BIA. Right, but from our petitioner's position that there was nothing substantive happened. The case was sitting in the Board of Immigration Appeals for some time before it was transferred back to immigration judge. Immigration judge was limited to what he was doing.  So he didn't have any right to question, to accept any additional evidence or adjudicate any other issues. So it was just technical step. Well, I'm looking at the government's August 17th, I guess, 28-J letter, or maybe it's responsive to our concern about this, on August 17th, just a couple weeks ago, and it says that on January 31st, the I.J. issued the order. Then after that, the petitioner appealed to the board, which remanded the case to the I.J. on July 31, 2013, because of non-receipt of the record. And then on June 29th, 2014, the I.J. returned the case to the board. The appeal remains pending before the board. Now, that's what the government says. What is your response to that? Subsequent to this letter, I have a brief discussion with opposing counsel, where I explain the nature of matter pending before the Board of Immigration Appeals. I believe that the opposing counsel was not quite – he didn't quite know what the matter is before the Board of Immigration Appeals. I was representing the petitioner, and I would like to clarify that this is a challenge of a denial of motion for administrative closure, rather than, you know, appeal on a substantive matter. Well, that tells me that there's something still going on in front of the BIA. Yes, there is something still going on. Okay. So how can we enter into a decision which is not yet final? I believe the case is cited in our opening brief. It showed that the fact that immigration judge back in 2004 find him removable. And after that, after denial of – after reversing affirmative – Let's suppose that we had jurisdiction to hear your appeal. What's your best argument here? The BIA has said in an exercise of discretion we wouldn't grant this. That's right, but I'm saying that the due process was violated when they misapply the standard of review in making decisions. And what was the – what did the BIA do wrong? Well, on the clear, erroneous standard that the immigration judge would be fact finder for hardship and also on different discretion matters. Now, when – in this particular situation, the Board of Immigration Appeals ignored this standard and they applied de novo instead. And we briefed that before the Board of Immigration Appeals as well as before this court. We do believe that if should be proper standard would be applied, a different outcome would be in this particular case. Well, they would have de novo review as to matters of law, right? Right. Okay, so de novo isn't necessarily the wrong standard of review. Our position – They may have accepted all of the facts that your client pled, that he was married to a U.S. citizen, he had U.S. citizen kids, and he had been a model citizen since this awful incident. And it was many, many years ago. The BIA doesn't seem to dispute any facts that you have put before the IJ. Right, but it all boils down to whether the person has qualifying hardship. And the court says that as a matter of law, they cannot see that. Right, but they – and the BIA denies that as a hardship. But then it says in an exercise of discretion, even if he had demonstrated exceptional and extremely unusual hardship, we would still deny the waiver in an exercise of discretion. We don't get to review the exercise of discretion. That's true, Your Honor, but in order to make – not to abuse and make a proper determination, they would need to look at the facts. What facts didn't they look at? Well, in our review, we also indicated that they selectively choose certain facts and they ignore the other one. How do you know that they ignored them? They cited the IJ's opinion at a number of different pages. Yes, but they cited as a key evidence only two evidence of – more than two was argued in the immigration judge's decision. So we believe that they didn't use – they selectively used a few evidence showing that they see what was presented, what immigration judge rely upon. But we do believe that if they also address other evidence presented in the case, the decision could have been different. Thank you, counsel. The time for your side has expired. Thank you. We'll hear from the government. May it please the Court, Derek Julius on behalf of Respondent, the United States Attorney General. We respectfully ask that the Court dismiss this case because it is premature and in the alternative, assuming you do not find it premature, that the Court lacks jurisdiction to review the discretionary denial of an admissibility waiver to Mr. Castillo. This case is procedurally irregular in the stance that it comes before the Court. To be clear, to the extent there is any timely petition for review, it is only of the Board's motion to reconsider denial. It is not in any way a timely petition for review of the original Board decision overturning it. How are we going to figure this out in the future, counsel? So you're going to tell us that his appeal of the denial of the motion to reconsider is premature, and that what he should be doing is taking an appeal from the — he has to take an appeal from the I.J.'s entry of final judgment? Correct. Okay. What does he say to the BIA? Once the I.J. does this ministerial act, what grounds does he have for appeal to the BIA? Well, typically in the past, my office has argued that once the immigration judge enters that final order, that's what makes the Board's order administratively final, and that's what triggers the petition for review period. Does he get a chance here to re-argue everything before the Board again? If we're talking about now, what's currently pending before the Board of Immigration Appeals, as explained by my opposing counsel, is the denial of a motion to administratively close. My understanding is once the Board of Immigration Appeals enters an order on the current appeal, all of this comes into play on a clean record. Okay. But you will argue that he is limited to arguing what? Well, right now we think our position is that everything is premature. Under INS v. Stone, the original Board of Immigration Appeals order and the motion to reconsider denial can be separately petitioned for review. They have their own independent 30-day petition for review period. But the prerequisite and the theory underlying the court's jurisdiction to review a motion to reconsider denial is the existence of a final order of removal, which comes under 8 U.S.C. 1252A, which here, when you look at Abdus Salaam and the cases that we've done. So in the future, so going forward, in the next case, somebody who's paying very close attention to what we said in Abdus Salaam and is paying very close attention to what the government has argued here, in the next case, when he files the motion for reconsideration and the BIA denies it, then he shouldn't do anything. Is that correct? He doesn't have 30 days. He should not take an appeal within 30 days because he's still got to go back to the I.J. Correct. Okay. Goes back to the I.J. The I.J. issues this administrative order, and then he does what? He appeals to this court from the I.J.? He can't do that, right? He has to appeal to the BIA. Generally, yes. What does he appeal to? Well, this is going to be the next case, counsel. So I'm asking what the model case is going to look like. What's he supposed to tell the BIA the grounds for appeal are? On the second round of after the immigration judge enters the order. Right. That's a very good question. Yeah. Well, I'm glad I asked it. I know. I'm looking forward to a really good answer. I wish I had one for you. This is so irregular that we've never really seen it. It doesn't make any sense, does it? No. Okay. All right. Okay. As long as the government is going to tell us that, I agree with you completely. All right. So then the BIA does whatever it does. It just simply affirms the IJ. And then he has 30 days to take an appeal to this Court, and it will be timely. From what is currently pending before the Board. I'm giving you the hypothetical case, the next case. Okay. When the guy dutifully waits until the IJ has issued the order the BIA has ordered him to issue, he takes an appeal to the BIA and tells them, makes up something, because there's no grounds for an appeal there. Right? The BIA says the IJ's order is affirmed and it's now administratively final. He now has 30 days to appeal that to this Court. What's in play? Presumably everything. Including the original motion? Including the original decision by the BIA denying him relief from which he took a motion to reconsider? Is that also in play? I believe so. Okay. Is that in play in this case? You told us it's not in play in this case. Well, we don't have a final decision yet on that case, because we don't have a final order. If you – the Government's in a bit of a bind here if you take literally what we said in Abdus Salaam, because that means that there are two decisions of the BIA that potentially could be in play in the next appeal, and that would be both the denial of the motion for reconsideration and the original order. Correct. Now, if we take Mr. Shevchenko's theory of the case, the only thing in play is that denial of the motion for reconsideration. That's a much more favorable standard for the Government. Right. In other words, you're much worse off arguing that we don't have jurisdiction in this case. Right. Okay. All right. We're trying to make sense of this procedural irregularity that has become as a result of the Board's decision. But it looks like it's not going to be irregular. It looks like it's going to be a pretty regular – it looks like it won't be terribly unusual in the future. I'm not sure about that. I've never in my practice seen this procedural picture. Can't the Board just issue the final order itself? No, not under this Court's precedent. In what? I don't recall exactly what this is. Wasn't that Camacho-Molina or something like that? But I think we overruled that in Lolong. Lolong overrun Camacho-Molina, but there was another case, I believe, that the Board doesn't have jurisdiction. I think what Mr. Shevchenko is relying on is the Lolong decision, which said that when you're looking at the definition under the INA of a final removal order under 1101A47, that the concession of removability and the finding of removability, even without the explicit ordering of removal by the immigration judge, is sufficient to allow the Board decision, the very first one, to become administratively final for judicial review purposes. Now, he didn't petition for review from that Board decision, because the Board did procedurally remand back to the immigration judge for the entry of a formal removal order. So under Stone, potentially there could be a stand-alone petition for review of the motion to reconsider denial. Suppose we were to consider this appeal as a petition for review as coming from the denial of motion to reconsider, and suppose we affirm. Then what happens? There would be nothing potentially to prevent him from petitioning for review from whatever Board decision issues from the currently pending appeal. However, I do believe there would be a res judicata effect on certain determinations that would be made in conjunction with the motion to reconsider denial. Namely, to the extent he's challenging the reversal of the 212H waiver and those issues, I think. Meanwhile, he stays in the country until what? Well, we don't have any executable removal order yet, because there is a proceeding before the Board of Immigration Appeals. We don't have any instrument through which we could remove him. But what — but, I mean, is it just sort of stuck there like in limbo? I mean, somebody has to move to make the next motion. It's currently being processed by the Board. And once the Board issues a decision on that appeal, he's free to file a petition for review from the forthcoming Board decision. Okay. And that Board decision will have to do with what issue? According to Mr. Shevchenko, he has only appealed the immigration judge's denial of a motion to administratively close his proceedings after it had been remanded by the Board. My office typically argues that the courts lack jurisdiction to review the denial of administrative closure because of the discretionary nature of those and how the court — or the immigration court and board use the administrative closure procedure to regulate their own dockets. Other courts have disagreed with my office and taken jurisdiction over those denials. But ultimately, while there are proceedings ongoing, under the terms of Abbe Salon, which says if the Board remands for any purpose, that order is not final until all those proceedings are completed. And here we have proceedings that are ongoing before the Board and no final order of removal underlying all of this. Well, it sounds like Mr. Castillo gets to stay in this country for quite a long time. Potentially, at least until the Board issues the decision and we resolve all of this. And you're better off under Mr. Shevchenko's theory. Mr. Shevchenko is better off under your theory. You guys should just go to lunch and work this out. At the end of the day, I think ultimately what we have is once the court gets to the merits of this case, assuming it's through this petition or through a subsequent one, what you have is a discretionary denial, as Judge Bybee pointed out, of a 212H inadmissibility waiver, which, putting aside... Nonreviewable. ...is not reviewable. That may be true on the merits, but at least in the package, because I took that in my notes when you first started out, that the motion to reopen is the only thing before us and it's premature. And under Judge Bybee's clarification, it turns out that if we apply Abdus Salaam, it's never been final and appealable. The original order, the motion to reopen, it's still not appealable. And so when the final gavel drops in the BIA and it is final, then everything is going to be the original order and the motion to reopen will both be appealable and it may be simply the same argument and may be disposable on discretion or whatever. But that's the package. Right. Okay. When we get to the merits, whether it's today or tomorrow or whenever, there's no jurisdiction. Very well. Anything further, counsel? Nothing further. If not, the case just argued will be submitted for decision and we will hear argument in the last case of the morning, which is United States v. Quinones-Chavez.
judges: O'scannlain, Fisher, Bybee